ADAM GORDON
United States Attorney
JORDAN B. ARAKAWA
Assistant United States Attorney
California Bar No. 294207
Office of the United States Attorney
880 Front Street, Room 6226
San Diego, CA 92101
Tel: (619) 546-6955
jordan.arakawa@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-03465-BJC |
| Plaintiff, | The Honorable Benjamin J. Cheeks |
| v. | RULE 16.1 DISCLOSURE AND RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY, PRESERVE EVIDENCE, AND FOR LEAVE TO FILE FURTHER MOTIONS |
| RONALDO NAVA PACHECO, also known as ROLANDO NAVA PACHECO, | |
| Defendant. | UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS |
| | Date: December 3, 2025 |
| | Time: 2:00 p.m. |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, ADAM GORDON, United States Attorney, and Jordan B. Arakawa, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's Motion to Compel Discovery, Preserve Evidence, and for Leave to File Further Motions. This Response is based upon the files and records of the case, together with the below statement of facts and memorandum of points and authorities.

## I.      STATEMENT OF THE CASE

On August 12, 2025, Defendant was charged in a complaint with assaulting two federal officers, in violation of 18 U.S.C. §111, and destruction of federal property, in violation of 18 U.S.C. §1361. (ECF No. 1.) On September 9, 2025, Defendant was arraigned on an Indictment charging him with two counts of assaulting a federal officer, in violation of 18 U.S.C. §111, and two counts of destroying federal property, in violation of 18 U.S.C. §1361, and entered a plea of not guilty. (ECF Nos. 14, 15.)

On October 15, 2025, Defendant filed a motion to compel discovery. (ECF No. 16.) This Response follows.

## II.      STATEMENT OF FACTS

The United States incorporates by reference herein the Probable Cause Statement attached to the Complaint. (ECF No. 1.)

## III.      MEMORANDUM OF POINTS AND AUTHORITIES

### A.      RULE 16.1 DISCLOSURE

The parties have conferred on discovery, and the United States hereby provides a report pursuant to Federal Rule of Criminal Procedure 16.1. The United States has complied, and will continue to comply, with its discovery obligations. To date, it has produced approximately 72 pages of documents, including law enforcement reports, custody receipts and other seizure forms, and images. The United States has also produced media files containing the Defendant's post-arrest interview, audio recordings of witness interviews, and body worn camera footage. The most recent production is of an audio recording file containing law enforcement communications from the time of Defendant's arrest, produced on November 25, 2025. Defendant provided additional discovery requests to the government by email on November 25, 2025, and the parties will continue to meet and confer about any discovery matters, including the timetable for any additional production, and will inform the Court accordingly.

## B. RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

The United States will continue to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500 *et. seq.*, and Fed. R. Crim. P. 16. The United States has received no reciprocal discovery as of the date of this Response. In view of the position of the United States concerning discovery stated below, the United States respectfully requests that the Court not issue any orders compelling specific discovery or preserving evidence from the United States at this time:

### 1. Defendant's Statements

The United States recognizes its obligation, under Federal Rule of Criminal Procedure 16(a)(1)(A) and (B), to provide to Defendant the substance of his oral and written statements. The United States has produced the reports written by law enforcement personnel involved in Defendant's arrest. Further, the United States has produced a copy of Defendant's interview following his arrest. The United States continues and will continue to comply with its discovery obligations by producing any additional statements related to Defendant's apprehension in this case.

### 2. Arrest Reports, Notes, and Dispatch Tapes

The United States has produced numerous reports, supplemental reports, and interview video, and will continue to fulfill its discovery obligations should additional reports be generated or become relevant to this case.

To the extent Defendant seeks rough notes, the United States has no objection to the preservation of the agents' handwritten notes. *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the United States objects to providing Defendant with a copy of the rough notes at this time. The United States is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined in 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or

3

adopted by the witness. *United States v. Spencer*, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not *Brady* material because, as further discussed, the notes do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If specific rough notes become particularly relevant in the future, those notes will be made available to Defendant.

### 3. Border Crossing History of Mr. Nava Pacheco

The United States will comply with its discovery obligations, to the extent such reports exist.

### 4. *Brady* and *Giglio* Material

The United States recognizes its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) to provide evidence that is either exculpatory or could be used to impeach United States witnesses including material information regarding demonstrable bias. The United States has and will continue to perform its duty to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The United States recognizes that its obligation under *Brady* covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. *See Giglio*, 405 U.S. at 154; *United States v. Bagley*, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. *Bagley*, 473 U.S. at 682; *United States v. Agurs*, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to *Brady*), 'if this is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Carriger v. Stewart*, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995).

*Brady* does not, however, mandate that the United States open all of its files for discovery, nor is the United States required to produce information in the custody, control,

or possession of all government agencies. *See United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989); *United States v. Henke*, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam). Under *Brady*, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (*see United States v. Smith*, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (*see United States v. Bracy*, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (*see United States v. Mikaelian*, 168 F.3d 380, 389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant United States Attorney could not reasonably be imputed to have knowledge or control over. *See United States v. Hanson*, 262 F.3d 1217, 1234-35 (11th Cir. 2001). *Brady* does not require the Government "to create exculpatory evidence that does not exist" (*United States v. Sukumolahan*, 610 F.2d 685, 687 (9th Cir. 1980)), but requires only that it "supply a defendant with exculpatory information of which it is aware." *United States v. Flores*, 540 F.2d 432, 438 (9th Cir. 1976). The United States further recognizes that an agreement that the United States makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under *Brady* and *Giglio*. *See United States v. Kojayan*, 8 F.3d 1315, 1322-23 (9th Cir. 1993); *Benn v. Lambert*, 238 F.3d 1040, 1054-60 (9th Cir. 2002).

### 5. The Defendant's Prior Record

The United States has produced Defendant's prior record in discovery. If the United States becomes aware of a prior record of Defendant that has not previously been disclosed, the United States will provide reasonable written notice of its intent to use convictions for purposes of impeachment as required by Federal Rule of Evidence 609(b).

### 6. Proposed 404(b) Evidence

The United States will provide notice and disclose in advance of trial the general nature of any "crimes, wrongs or other acts" evidence that it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). However, evidence—including TECS

records—should not be treated as "other act" evidence under Federal Rule of Evidence 404(b) when the evidence concerning the other crimes, wrongs or acts is "inextricably intertwined" with the evidence concerning the crime charged. *See United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987); *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). The United States will provide such notice reasonably in advance of trial.

### 7. Rule 16(a)(1)(E) Evidence

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy documents and tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

### 8. *Henthorn* Material

The United States will comply with *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. *United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002) (citing *United States v. Jennings*, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant United States Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in-camera inspection and review. However, the United States objects to Defendant's request to the extent Defendant's request includes personnel files. The United States will provide responsive information reasonably in advance of witness' testimony but objects to Defendant's request to set a deadline two weeks in advance of any proceeding.

//

**9. Tangible Objects**

The United States has complied and will continue to comply with its discovery obligations, including as described in section 10-Rule 16(a)(1)(E) Evidence above.

**10. Expert Discovery and Reports of Examinations and Tests**

The United States is not in possession of any expert discovery at this time. If this changes, the United States will comply with its obligation under Rule 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 704 to provide a written summary of any expert testimony reasonably in advance of trial.

**11. Witness Evidence**

The Government will provide a tentative list of witnesses it expects to call at trial when it files its trial memorandum or earlier. Defendant's motion additionally requests evidence of bias or motive to lie, evidence of investigation of any government witness, and evidence affecting perception, recollection, ability to communicate, or truth-telling. The Government will disclose any record of prior criminal convictions, if any, that could be used to impeach a Government witness prior to any such witness' testimony. However, the Government is under no obligation to turn over the criminal records of all witnesses. *United States v. Taylor*, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief. *United States v. Gering*, 716 F.2d 615, 621 (9th Cir. 1983); *United States v. Angelini*, 607 F.2d 1305, 1309 (9th Cir. 1979). The Government will provide a description of the prior bad acts, if any exist, of the Government witnesses pursuant to Rule 608(b) of the Federal Rule of Evidence to the extent that the information within the Government's possession reasonably relates to the credibility of a witness.

**12.  Jencks Act Material**

The Jencks Act, 18 U.S.C. § 3500, is incorporated into the Federal Rules of Criminal Procedure via Rule 26.2. The Jencks Act requires that, after a government witness has testified on direct examination, the United States must give the Defendant any "statement" (as defined by the Jencks Act) in the United States' possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). For purposes of the Jencks Act, a "statement" is: (1) a written statement made by the witness and signed or otherwise adopted or approved by his, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. §3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. *United States v. Boshell*, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing *Goldberg v. United States*, 425 U.S. 94, 98 (1976)).

If the case proceeds to trial, the United States will produce any additional materials covered by the Jencks Act relevant to the testifying witness or witnesses in advance of trial.

**13.  Informants and Cooperating Witnesses**

The United States incorporates its response regarding *Brady* and *Giglio* Material, above, to Defendant's request for information related to informants and cooperating witnesses. Further, the United States recognizes that an agreement, including offers of immunity, it makes with a witness for testimony in exchange for money or favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under *Brady* and *Giglio*. *See United States v. Kojayan*, 8 F.3d 1315, 1322-23 (9th Cir. 1993); *Benn v. Lambert*, 238 F.3d 1040, 1054-60 (9th Cir. 2002).

At this time, the United States does not possess information about informants or similar cooperating witnesses in this case who have an agreement with the United States

in exchange for money or other favorable treatment in the criminal justice system. If this changes, the United States will timely produce such information in advance of trial.

**14.    Residual Request**

To the extent that any request is not addressed specifically, the United States explicitly opposes that request as outside the bounds of the discovery under the statutory and constitutional discovery obligations.

**C.    RESPONSE TO MOTION FOR PRESERVATION OF EVIDENCE**

The Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." *California v. Trombetta*, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489; *see also Cooper v. Calderon*, 255 F.3d 1104, 1113-14 (9th Cir. 2001). There is no rule requiring all evidence to be preserved for all time, especially when all parties have had the opportunity to inspect and copy all the documents and records. Given the ongoing efforts by the United States Attorney's Office to preserve the evidence in this case and Defendant's access to those records, and communicate with Defendant's counsel regarding timelines for destruction of property (see, e.g., Bates 000066), any failure to gather and preserve evidence would not violate due process absent bad faith by the Government that results in actual prejudice to the Defendant. *See Illinois v. Fisher*, 540 U.S. 1174 (2004) (per curiam); *Arizona v. Youngblood*, 488 U.S. 51, 57 58 (1988); *United States v. Rivera-Relle*, 322 F.3d 670 (9th Cir. 2003); *Downs v. Hoyt*, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

/ /
/ /
/ /
/ /

**D. RESPONSE TO MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to file further motions as long as the subsequent motions are based only on newly discovered evidence or discovery provided by the United States subsequent to the instant motion.

## IV. UNITED STATES' MOTIONS

### A. MOTION FOR RECIPROCAL DISCOVERY

The discovery provided in this case includes documents and objects which are discoverable under Rule 16(a)(l)(E). Defendant has requested the production of this evidence. Consequently, the United States is entitled to discover from Defendant any books, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items, that are in Defendant's possession, custody, or control and which Defendant intends to use in Defendant's case in chief. *See* Fed. R. Crim. P. 16(b)(1)(A).

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence in chief at the trial, or which were prepared by a person whom Defendant intends to call as a witness. Because the United States will comply with Defendant's requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests a written summary of the names, anticipated testimony, and bases for opinions of experts Defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled. Rule 26.2 requires the production of prior statements of all witnesses, expect

Defendant's statements. The Rule thus provides for the reciprocal production of Jencks statements. The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including, but not limited to, take recordings, handwritten or typed notes, or reports.

## B. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

The United States respectfully requests the opportunity to file further motions should new information or legal issues arise.

## V.  <u>CONCLUSION</u>

The United States respectfully requests that the Court deny Defendant's motion for discovery and to grant its motions for reciprocal discovery and leave to file further motions as set forth above.

DATED: November 25, 2025                Respectfully submitted,

ADAM GORDON
United States Attorney


/s/ *Jordan Arakawa*
JORDAN ARAKAWA
Assistant U. S. Attorney